Good morning, Your Honors. May it please the Court, my name is Daniel Blank and I represent the appellant Dontae Allen in this case. I'd like to reserve two minutes, if I may, for rebuttal. The question presented in this case, Your Honors, is whether a district court can insulate itself from meaningful appellate review simply by stating that any guideline error that it might have made doesn't matter because it would simply apply the same sentence in any event. Well, the answer is no. The guidelines do matter. And although the guidelines are now advisory, this Court held in Bank v. Carty that the district court must correctly calculate the guideline range, use it as a starting point and initial benchmark, keep it in mind throughout the process, and give it the same weight as all the other 3553A factors, finally stating reasons for whatever sentence it gives, but in particular if a sentence is outside the advisory guideline range. What do you expect to have happen if we agreed with you and remanded for resentencing? Well, I hope that the Court will, well, of course the Court will follow the instructions that Your Honors will give and there's both guideline error and clearly erroneous factual findings. I think once both of those are cleared up, the Court will apply its discretion and consider the factors, but I don't think there's a reason to believe that the district court will necessarily do what it said it would do, which is impose the same sentence all over again. Why can't a district court give alternative reasons and be upheld if any of those reasons is correct? For example, if in a civil case, if there's a summary judgment, the court might say, here are four reasons why each of the elements of the plaintiff's claim must fail. If we only agreed with one of those, we would still affirm. Now, it's not a civil case, but why wouldn't something similar to that apply here, where if the district court says, if I go down path A, I get to this point? Ignoring path A, if I go down path B, I get to the second point? The problem is that it runs afoul of CARTI. And what CARTI says is that the district court has to begin with the correctly calculated guideline range. And if it doesn't do that, if it goes down the path and then just sort of looks back and says, well, I'll tweak this one factor and I can get to the same place. So if the court had said it in the opposite direction, it would be okay? If the court said, well, if I use the usual system, I'll get to point X. But, you know, I don't think I have to use that system. Instead, I could do this and also get to point X. So if he said it backwards, it would be okay? If the district court had ruled in my favor and not imposed the four-level enhancement and gone through the guideline 3553A factors and arrived at a particular sentence, it would not necessarily have committed procedural error. And that's the error that we're raising here. There are two other problems, though. One is that it could have, the sentence could have been substantively unreasonable. And also the district court relied on. But that's not on our issue today. No. We don't need to reach that. And, in fact, it's improper for the court to reach it because there's procedural error. But the other issue is the clearly erroneous factual findings. And there were numerous ones. And there's no reason to suggest that the district court somehow put those factual For example, stating that my client was present at the shooting. There's absolutely no evidence of the record of that. Or that all three people that were seen by the witness running were gang members. There's absolutely no evidence of that on the record. Do we ever know who the other two people were? No. They escaped and were never apprehended. But what we do know is that there is no suggestion that they were wearing gang colors or flashing gang signs or wearing any gang insignia. There's no reason to believe that anyone except my client, who's a nominal gang member, was a member of any gang whatsoever. I think it's important to emphasize that I'm not suggesting that there can never be harmless sentencing error. There can be in the government sites cases in which there were. But in those cases cited by the government, there wasn't a difference in the guideline range. And the rule that I'm suggesting that has been, can be found in this Court's cases, is that if the error affected the guideline range, then it will rarely, if ever, be harmless. And the reason is because of the taint that comes from finding this range. If the district court faithfully follows CARTI, then it has to have this range in mind throughout every factor that it subsequently considers. And once you've done that and you have a different range, then the district court, if it's following CARTI, can't go back and unring that bell. Now, there are, there may even be, I think it would be rare, but there may even be times when the guideline range is different and it's harmless. For example, if there are overlapping guideline ranges, just one level off in the district court sentence that it imposed was within both, that could be. Certainly the cases cited by the government where the calculations say of a loss amount is all within one offense level. That would be, or could be, harmless error. But it has to be, it has to be, the correct guideline has to be the starting point. And I think it's significant that the district court sentenced within the guideline range in this case. The incorrect guideline range was 70 to 87. The district court precisely picked 84 months. If there are no further questions immediately, perhaps I'll reserve the balance of my time. Thank you. Certainly. If you do that, we'll hear from the government next. Good morning, Your Honors. Erica Frick on behalf of the United States. May it please the Court. The 84-month sentence in this case should be affirmed for two independently sufficient reasons. First, the four-point enhancement was properly applied in this case. And second, even if it was not properly applied, the district court did a proper 3553A analysis under a proper guideline calculation without the four points and said that it would reach the exact same sentence in this, in these circumstances. There is absolutely no point then served in remanding this case to the district court, and the sentence should be affirmed. There are a number of issues that I think were muddied by the reply brief in this case that I'd like to clarify for the Court. The first one is that a crime absolutely did occur on this night. No specific intent to hit a building is required for a violation of Penal Code Section 246. Rather, under California law, the standard is recklessness. And certainly men on the streets of a residential, highly populated residential area shooting guns meets that standard without any question whatsoever. But let's assume that there was a crime committed. This house was shot up. But there isn't any evidence of who was present. It's clear that the gun that was on this individual could not have been the gun that shot up the house. So how can we tie this defendant to this crime? Actually, Your Honor, the government disagrees and believes there is ample evidence in this case to support the district court's factual finding that, in fact, Allen was present at the scene of the shooting and was involved with it. And that finding is, of course, reviewed for clear error. Just quickly to go through the evidence here, the shooting occurs at 1625 Eddy Street. It occurs at 221 a.m. Immediately thereafter, the witnesses call in the reports, and one of the witnesses sees three men running away from the scene of the crime, two of them still shooting guns. This all is happening very, very quickly. Do we know how many minutes it was between the call? There's a colloquy in the record. It's at ER 26 to 27 between the government counsel, the agent involved in this case, and the district court. All of this happened within a few minutes. So the initial shooting, the shooting as they're running down the streets, and the three men being seen by the police two blocks away all happens within a few minutes of the call. We don't know exactly when the second call came. The witnesses call. We don't know exactly when, but the PSR indicates it happened pretty much moments later. So within minutes, the police see three men. The streets are otherwise deserted. No other men have been reported on the street, certainly no other groups of three men. The three men are wearing dark colors, as was reported by the witness, and the police capture Alan. He has a Czech machine pistol and a face mask and gunshot residue on his hands. We also know from the record that he is a known Eddie Rock gang member. Contrary to the reply brief, we also know from the record that this is Eddie Rock gang turf because, as the defense acknowledges, this was in the Western Addition neighborhood. In the PSR at paragraph 62 and 65, they explain that the Western Addition neighborhood is, in fact, the place where the Eddie Rock gang does its business. We also have the district court's finding, and it was based on all of this evidence taken together, close in time, close in geography, dressed in black or dark clothing, and has a gun on him. The government submits that that is more than enough evidence under the preponderance standard and the clear error review of this court to uphold the And he was aiding and abetting this offense, even if he never fired a gun, because he wasn't merely present. He was running with his compatriots down the street as they're shooting weapons, and under California law, all of these circumstances are sufficient for an inference of aiding and abetting liability. In the alternative, of course, the government's position is that the Booker analysis here was quite comprehensive. The court very reasonably imposed an 84-month sentence on this defendant, who has three felon and possession convictions in a row now. And so the government's position is that the Booker analysis here was quite comprehensive. But our review is not for reasonableness. It's for procedural error. Well, Your Honor, it's for both, of course. If there were procedural error, that would be the first analysis, and then beyond that, it's a reasonableness analysis. But in this case, there is no procedural error, because the district court did a fully separate alternative analysis where it said, even if those four points do not apply, I would impose the same sentence under the 3553A factors, which means that its alternative sentence, even if this Court were to decide the four points don't apply, was a procedurally proper 3553A analysis. There's therefore no reason to send it back to the district court, because the result will be exactly the same, and it's not an efficient use of the Court's resources to do that. If there are no further questions, the government would ask that the sentence be affirmed. Thank you, counsel. Mr. Black, you have several minutes remaining. Thank you very much, Your Honor. Even if we assume, although I think it hasn't been shown, that Mr. Allen was present at the scene of the shooting, that of course is not nearly enough to make up the elements of the additional felony offense that the government wants to punish him for. Those, what there would need to be evidence to show is that Mr. Allen knew that another person intended to willfully and maliciously discharge a firearm at an inhabited dwelling, that prior to or during the shooting, Mr. Allen intended to commit, encourage, or facilitate the commission of the shooting, and that he did actually aid, promote, encourage, or instigate the shooting. This Court has held over and over that mere presence, even by a gang member, is not tantamount to aiding and abetting. There's just not sufficient evidence in the record to support each of the elements of the additional offense. Of course, Mr. Allen pleaded guilty promptly to every offense with which he was charged. What we're talking about is an additional punishment for an uncharged felony. The government refers to an alternative 3553A analysis. I think it's worth considering that there was only one 3553A analysis done. The Court went through the factors not twice but once, and it wasn't clear in the courtroom at the time, at least not to me, what guideline level the Court was considering at that time, and that's why at the end of the argument I sought clarification and said, Your Honor, could you just tell us, did you apply the four-level bump or not? And the district court said that he did. So there isn't an alternate 3553A analysis. There was only one. If there are no further questions, Your Honor, I'll submit. Thank you very much. Thank you. We appreciate the arguments from both counsel. The case just argued is submitted.
judges: Fletcher B. , Canby, Graber